IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|  |  |  |
|---|---|---|
| SHELTON L. ALEXANDER AND TAMARA L. ALEXANDER, | * | |
| Plaintiffs, | * | |
| v. | * | CIVIL NO.: WDQ-07-1245 |
| SUNRISE PREMIER POOL BUILDERS, LLC, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Shelton and Tamara Alexander, *pro se*, sued Sunrise Premiere[1] Pool Builders, LLC ("Sunrise") to vacate an arbitration award. Pending are Sunrise's motion to dismiss and the Alexanders' motion for leave to file an amended complaint. For the following reasons, Sunrise's motion to dismiss will be granted, and the Alexanders' motion to amend will be denied.

I. Background

In March 2004, Sunrise agreed to construct a pool at the Alexanders' home in Brunswick, Maryland (the "Agreement"). Sunrise completed the pool, but the Alexanders alleged that the construction was deficient. Pursuant to the Agreement, the

---

[1] Sunrise Premiere Pool Builders, LLC is the proper name of Defendant; the case was docketed as "Sunrise Premier Pool Builders, LLC" by the Alexanders.

1

parties arbitrated the Alexanders' claims before the American Arbitration Association ("AAA"). On October 25, 2005, the Alexanders were awarded $17,754.06 for their claims. Compl. Ex. F.

In 2006, the Alexanders filed another claim with the AAA for defects in the pool construction and breach of warranties in the Agreement. On February 14, 2007, an arbitrator denied the Alexanders' claim. Compl. Ex. A. On May 11, 2007, the Alexanders sued Sunrise to vacate the arbitration award. Paper No. 1. After Sunrise filed a motion to dismiss on September 18, 2007, the Alexanders sought leave to amend their complaint.

II. Analysis

A. Sunrise's Motion to Dismiss

Rule 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. When a defendant challenges the factual allegations in the complaint under Rule 12(b)(1), the plaintiff must establish subject matter jurisdiction. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). To determine jurisdiction, the court may weigh the evidence and consider affidavits without converting the motion into one for summary judgment. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). The court should allow relief only if the material jurisdictional facts are undisputed, and the moving party is entitled to judgment as a matter of law.

*Richmond, Fredericksburg*, 945 F.2d at 768.

Sunrise contends that the Court does not have jurisdiction over the Alexanders' claims. The Alexanders counter that two federal statutes provide subject matter jurisdiction.

The Alexanders argue that the Court may review the arbitrator's February 14, 2007 decision under the Federal Arbitration Act ("FAA"). *See* 9 U.S.C. §§ 1-16 (2000). The FAA permits federal district courts to vacate arbitration awards, but does not confer independent subject matter jurisdiction upon those courts. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983). Thus, there must be diversity or federal question jurisdiction for a federal court to consider the Alexanders' claims. *See Discover Bank v. Vaden*, 396 F.3d 366, 373 (4th Cir. 2005).

There is no diversity of citizenship in this case. *See* 28 U.S.C. § 1332 (2000). The Alexanders are Maryland residents and Sunrise is a Maryland company with its principal place of business in Maryland.

The Alexanders' complaint does not raise a federal question. *See Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152-54 (1908). The Alexanders contend that 15 U.S.C. § 2310(d) provides a basis for their claims. Section 2310(d) authorizes federal jurisdiction in consumer warranty suits when the amount in controversy is $50,000 or more. *Id.* § 2310(d)(3)(B). Before

3

filing suit, a plaintiff must also abide by any informal settlement procedures agreed to by the parties.  *Id.* § 2310(a)(3).  Allegations in *pro se* complaints should be liberally construed, *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003), and the Alexanders have arguably alleged that their claim is related to a breach of warranty and that they followed the arbitration procedure in the Agreement.  The Alexanders have not alleged, however, that they will recover $50,000 in damages.  Indeed, their recent claim for arbitration alleged only $20,600 in damages.  Compl. Ex. J.  The Alexanders request that the Court vacate the arbitrator's decision, but have not alleged a sufficient jurisdictional amount.  As the Alexanders' complaint does not raise a federal question, and the parties are not diverse, Sunrise's motion to dismiss will be granted.

B. The Alexanders' Motion to Amend

　　　Under Rule 15(a), a party may only amend a pleading after a responsive pleading has been served with leave of court; leave to amend "shall be freely given when justice so requires."  *Id.*  "'[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'"  *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (*quoting Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)).

The Alexanders argue that the Court should permit them to amend their complaint because there has been no undue delay and Sunrise will not be prejudiced by the amendment.  Sunrise counters that the Alexanders' amendments are futile because the original agreement requires arbitration, and there is no basis for jurisdiction in federal court.

The Alexanders propose a number of amendments to correct the jurisdictional deficiencies in their original complaint.  A "Breach of Warranty" section seeks to change the scope of their action from a petition to vacate the arbitrator's decision to a petition for breach of warranty.  Adding this section would not permit the Court to exercise jurisdiction, as it relies on a deficient statutory basis--15 U.S.C. § 2310.  Furthermore, the proposed "Damages" section does not allege an amount necessary to bring a claim under 15 U.S.C. § 2310.  Similarly, the Alexanders' proposed "Jurisdiction and Venue" section relies on 15 U.S.C. § 2310 and 9 U.S.C. § 9, which as discussed above, do not establish subject matter jurisdiction.  As the Alexanders' proposed amendments would not establish subject matter jurisdiction, their motion to amend will be denied.

III. Conclusion

    For the reasons discussed above, Sunrise's motion to dismiss will be granted, and the Alexanders' motion to amend will be denied.

<u>December 12, 2007</u>                        <u>     /s/               </u>
Date                                               William D. Quarles, Jr.
                                               United States District Judge